IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-97-RPM-CBS

MARGARET P. BURGER,

Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,

Defendant.

**PROTECTIVE ORDER**

**THE COURT**, having received and reviewed the parties' Stipulated Motion for Protective Order, hereby grants the Stipulated Motion for Protective Order as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties anticipate that additional Confidential Information may be sought during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to the business or privacy interests of the Parties and/or CCSD's employees, respresentatives, or agents. The Parties have entered into this Stipulation and request the Court enter a Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file portions of files, transcribed testimony, or response to a discovery request, including any extract, chart, summary, note, or

1

copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

    a. the personnel files (or portions of the personnel files) of CCSD employees, representatives, and/or agents, including former employees, notwithstanding the limitations imposed by C.R.S. § 24-72-204(3)(a)(II)(A);

    b. student files, referrals, and disciplinary records, notwithstanding the limitations imposed by C.R.S. § 22-1-123 and 20 U.S.C. § 1232(g); and

    c. other documents related to Plaintiff's claims in this action.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" or "Confidential – Attorneys' Eyes Only" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" or "Confidential – Attorneys' Eyes Only" next to or above any response to a discovery request; and

    c. With respect to transcribed deposition or other testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Confidential – Attorneys' Eyes Only" no later than ten (10) business days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. The individuals authorized to review Confidential Information pursuant to this Protective Order include counsel for Plaintiff Margaret Burger, counsel for CCSD, representatives and employees of CCSD, and retained experts. These authorized individuals shall hold all Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Court Order, with the exception that counsel for Plaintiff Margaret Burger shall be permitted to discuss the contents of documents and testimony designated as Confidential Information with Plaintiff Margaret Burger. However, Plaintiff Margaret Burger may not review any documents, copies of documents, nor any deposition testimony designated as Confidential Information.

6. Counsel who discloses Confidential Information to a retained expert shall be responsible for assuring compliance with the terms of this Protective Order by any retained experts to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by the retained experts agreeing to maintain the confidentiality of Confidential Information, and shall maintain a list of all experts to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon Court Order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a Court Order requiring inspection under terms conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes and for review by retained experts in this case. Any such copies shall be made and used solely for purposes of this litigation. During pendency of this litigation, counsel and experts may retain custody of Confidential Information, and copies made therefrom.

9. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information

and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

10. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2.

11. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

12. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

13. Upon termination of this litigation, including any appeals, each Party's counsel and all experts shall immediately return to the producing party all Confidential Information provided pursuant to the terms of this Protective Order.

14. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

**SO ORDERED** this 2nd day of September, 2005.

BY THE COURT:

s/ Richard P. Matsch

_____
Richard P. Matsch
United States District Court Judge

~6957370.WPD